## JOHN J. POLK *v.* COVINGTON COUNTY.

POORHOUSE. *Superintendent. Contract. Paupers not inmates.*

A contract by a county to pay the superintendent of its poorhouse a certain sum for each · pauper there cared for, does not bind the county to require all indigent persons maintained by it to become inmates of the poorhouse; nor is the county liable to the superintendent for money paid in such maintenance elsewhere, nor for a breach of contract in that it so aided the indigent.

FROM the circuit court of Covington county.

HON. JOHN R. ENOCHS, Judge.

Polk, the appellant, was the plaintiff in the court below; Covington county, the appellee, was defendant there. The facts are stated in the opinion of the court.

*Huddleston & Corley,* for appellant.

By the contract the appellant was entitled to have the paupers of the county at the poorhouse. This was a part of the inducement held out to the appellant; he had the right, under the law, to expect it, and for any departure therefrom the county was liable as for a breach of the contract.

A party contracting with the county expects, and contracts upon the idea, that the county authorities will be governed by the law. Under § 3143, code 1892, the board of supervisors is given authority and jurisdiction of paupers. Code, § 3153,

authorizes the board of supervisors, in cases of emergency, to provide for the care and maintenance of such poor persons as cannot be removed. to the poorhouse, but warrant is not found in the law for the support of paupers who are capable of being so removed, away from the poorhouse if the county have one. Temporary relief only can be granted until the objects of the county's bounty are so removed.

*J. Wood Magee* and *James L. McCaskill,* for appellee.

The plaintiff, appellant, did not offer in evidence any contract which obligated the county not to maintain paupers who were not inmates of the poorhouse, and none which required the county to require all paupers to become inmates thereof. The orders of the board of supervisors offered in evidence do not so provide—in fact, one of the orders expressly negatived such claim.

To adjudge that the county had no right to support indigent persons outside of the poorhouse is to deprive the board of supervisors of that full jurisdiction of paupers conferred on it by § 3143, code 1892.

The following case supports the judgment appealed from: *Bridges* v. *Clay County,* 58 Miss., 817.

TERRAL, J., delivered the opinion of the court.

The appellant was the superintendent of the poorhouse for the years 1896, 1897, and 1898, which was let to him as the lowest bidder. He bid off the keeping of the poorhouse for the year 1896 at $7.75 per month for each pauper; for the year 1897, at $7.95 per month for each pauper; and for the year 1898, at $9 per month for each pauper.

Upon the trial of the case he showed by the minutes of the board of supervisors that the board had allowed divers sums of money, aggregating for the three years several hundred dollars, payable out of the county treasury to sundry persons for money, goods, and other aid to paupers not placed in the poorhouse.

It was not shown whether the indigent persons so aided could have been removed to the poorhouse or not. However, in two or more instances the plaintiff was allowed to state that a member of the board had given to him, as an excuse for not sending some one to the poorhouse, that if sent, it would have been necessary to have employed a nurse for such person, or some like reason, in order, we suppose, to support an inference that such persons might have been removed to the poorhouse. The minutes of the board of supervisors showed that several hundred dollars were paid out for paupers not confined in the poorhouse, and the insistence of the plaintiff is that the county is bound to support its poor only within the poorhouse, and his suit is for the moneys expended by the county in aid of paupers not placed in the poorhouse, or for damages for breach of contract in not compelling them to go to the poorhouse. The court gave a peremptory instruction for the county, and the jury found accordingly.

The plaintiff admits that he has been paid for all the inmates of the poorhouse at the rate contracted for by him with the board of supervisors, and it seems to us that he has no ground to sue for breach of contract. His insistence that the board was obliged, by the terms of the contract with him, to place all indigent persons within the poorhouse is not supported by his own pleadings, or by any evidence given in the case.

*Affirmed.*